IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUIS A. ESTRADA-JIMENEZ,

        Petitioner,          ORDER

v.                              13-cv-570-wmc

MICHAEL BAENEN, Warden,
Green Bay Correctional Institution,

        Respondent.

---

State inmate Luis A. Estrada-Jimenez has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for first-degree intentional homicide as a party in Dane County Case No. 2005CF2616. The respondent has filed an answer and Estrada-Jimenez has filed a brief in support of his claims. Estrada-Jimenez has also filed more than one motion to reconsider his request for appointment of counsel. (Dkts. # 10, # 13). Those motions are denied for reasons set forth briefly below.

Unlike indigent criminal defendants, civil litigants have no automatic right to court-appointed counsel. *See Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). A federal habeas corpus court may appoint counsel for a financially eligible petitioner where "the interests of justice so require." 18 U.S.C. § 3006A(g); *Johnson v. Chandler*, 487 F.3d 1037, 1038 (7th Cir. 2007). Appointment of counsel in this context is discretionary "unless denial would result in fundamental unfairness impinging on due process rights." *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (quoting *LaClair v. United States*, 374 F.2d

1

486, 489 (7th Cir. 1967)); *Winsett v. Washington*, 130 F.3d 269, 280 (7th Cir. 2007).

Here, Estrada-Jimenez has provided a copy of his prisoner trust fund account statement, which reflects an average monthly balance of $767.26. (Dkt. # 14). Assuming that he qualifies as indigent, Estrada-Jimenez does not show that he meets the criteria for counsel found in the Rules Governing Section 2254 Cases in the United States District Courts, *see* Rules 6(a), 8(c)(citing 18 U.S.C. § 3006A), or that the interests of justice require the appointment of counsel at this time. In that regard, the respondent has provided copies of the relevant state court records and Estrada-Jimenez has filed a thorough, neatly typed brief in support of his petition. Other than pointing to his status as an indigent inmate without formal legal training, he does not allege specific facts showing that the assistance of counsel is warranted. The court will reconsider whether counsel is necessary on its own motion once it has completed its review of the briefing in this case.

ORDER

IT IS ORDERED that the petitioner's motions for reconsideration of his request for appointed counsel (dkts. # 10, # 3) are DENIED.

Entered this 13th day of February, 2014.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge