IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUIS A. ESTRADA-JIMENEZ,

                Petitioner,                  OPINION AND ORDER

    v.                                                           13-cv-570-slc

MICHAEL BAENEN, Warden,
Green Bay Correctional Institution,

                Respondent.

---

State inmate Luis A. Estrada-Jimenez ("Estrada") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree intentional homicide in Dane County Case No. 05CF2616. On November 17, 2015, both parties consented to magistrate judge jurisdiction over Estrada's petition and that same day this case was reassigned to me. *See* dkts. 16-18.

Estrada raises five grounds for relief: (1) The State failed to disclose favorable treatment of two accomplices who testified against him at trial; (2) There was insufficient evidence to support his conviction; (3) The State presented false or coerced testimony from his accomplices; (4) Petitioner was restrained at trial in violation of due process; and (5) Petitioner was denied effective assistance on post-conviction review and direct appeal. *See* Petition, dkt. 1, at ¶ 12, which incorporates dkt. 1-1

The respondent has filed an answer and both parties have submitted briefing. Having read the pleadings, the briefs and the records from the state court proceedings, I conclude that Estrada is not entitled to federal habeas relief. Estrada procedurally defaulted his second, third and fourth claims by failing to raise them on direct appeal from his conviction, and he cannot satisfy either the cause-and-prejudice or fundamental-miscarriage-of-justice exceptions to the default rule. With respect to claims (1) and (5), which were adjudicated on the merits in state court, Estrada has failed to show that the state court of appeals unreasonably applied federal law or made an unreasonable determination of fact in rejecting his claims and affirming his convictions. Accordingly, I am dismissing Estrada's petition.

BACKGROUND

In Dane County Case No. 05CF2616, Estrada was charged with first-degree intentional homicide as a party to the crime. The complaint alleged that on September 16, 2003, Estrada, along with others, conspired to kill–and did kill–Alex Ortiz as part of a drug trafficking retaliation scheme. Following the granting of a severance motion, Estrada and one codefendant were tried together, starting March 12, 2097. Two State witnesses– Jose Suarez ("Suarez") and Pablo Lopez Baez ("Baez")– testified about planning and participating with Estrada and others in Ortiz's murder. Based on this evidence, the jury found Estrada guilty as charged. On June 4, 2007, the court sentenced Estrada to life imprisonment with the possibility of supervised release after 22 years.

Estrada filed a motion for post-conviction relief under Wis. Stat. § 974.02 on the ground that the State had failed to disclose evidence that Suarez and Baez received favorable treatment in exchange for their testimony. Specifically, the prosecutor dismissed or deferred all charges against Suarez and Baez and gave them significant consideration in charging or sentencing for other pending cases. The circuit court held a hearing at which the only witness was Estrada's trial counsel, who testified that the attorneys for Baez and Suarez had denied the existence of any pretrial agreements with the prosecutor, as did Baez and Suarez in their trial testimony. After the hearing, the court found that there was no evidence that any favorable deal was in place at the time of Estrada's trial:

> After the trial of Estrada and the co-defendants, [Baez] and Saurez did receive lenient and favorable treatment from the prosecution with respect to pending charges against them.
>
> While there is little doubt that [Baez] and Suarez hoped to be rewarded in some way for their testimony it is also clear that the prosecution was careful not to make any offers or deals prior to their testimony.
>
> Defendant's trial counsel had the opportunity to effectively argue about and suggest reasonable inferences from the evidence at trial. Despite defendant's protestations, there was no "deal" at the time of trial. The prosecutor responsibly waited to hear the testimony of [Baez] and Suarez before reaching an agreement with

2

> them. Defendant's counsel repeatedly alleges there was a "wink and a nod" agreement but there is no evidence of even that.
>
> The fact that [Baez] and Suarez were hopeful their testimony would help them is in evidence and is obvious. A later "deal" does not mean one was in existence at the time of their testimony.

(Dkt. 7, Ex. 3, at 2-3.) Based on this conclusion, the circuit court denied Estrada's motion for post-conviction relief.

On direct appeal, Estrada again argued that his conviction should be set aside because the State had failed to disclose its deal to treat Suarez and Baez leniently in exchange for their testimony against Estrada. The Wisconsin Court of Appeals rejected Estrada's argument and affirmed his conviction, concluding that the circuit court "heard credible evidence that no deals existed, and reasonably inferred from it that there were no deals that could or should have been disclosed to the jury." *State v. Estrada-Jimenez*, 2010 WI App 1, ¶ 6, 322 Wis. 2d 735, 778 N.W.2d 171 (unpublished). Thereafter, the Wisconsin Supreme Court denied Estrada's petition for review. *See State v. Estrada-Jimenez*, 2010 WI 110, 327 Wis. 2d 462, 787 N.W.2d 844.

Subsequently, Estrada filed a *pro se* motion for post-conviction relief pursuant to Wis. Stat. § 974.06. In that motion, Estrada argued that attorney Ralph Scyzgelski, who had represented Estrada on post-conviction review and direct appeal, had rendered ineffective assistance because he had failed to raise several claims, including: (1) Estrada had been denied effective assistance of counsel at trial; (2) the evidence was insufficient to support his conviction; (3) the conviction was based on out-of-court inconsistent statements by Suarez and Baez; (4) Suarez and Baez were coerced into testifying by deals offered by the prosecution; and (5) Estrada was wrongfully restrained during his trial.

The circuit court denied the motion and the Wisconsin Court of Appeals summarily affirmed, finding that his claims were procedurally barred by the rule in *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). *See State v. Estrada-Jimenez*, No. 2011AP2866. Specifically, the court of appeals found that Estrada had failed to show that his trial counsel's

3

performance was deficient or that he had been denied effective assistance of counsel on post-conviction review or direct appeal, and that there were no other circumstances that would constitute a "sufficient reason" under *Escalona-Naranjo*, 185 Wis. 2d at 185, for Estrada having failed to raise his new claims earlier. In reaching this conclusion, the court of appeals observed in the context of conducting an ineffective-assistance analysis that Estrada's proposed claims were without merit. The Wisconsin Supreme Court denied further review. *See State v. Estrada Jimenez*, No. 2011AP2866.

OPINION

I. Legal Standards

A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his available state remedies prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008). "This so-called exhaustion-of-state-remedies doctrine serves the interests of federal-state comity by giving states the first opportunity to address and correct alleged violations of a petitioner's federal rights." *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). To satisfy the exhaustion requirement, a petitioner is required to present his federal claims to the state courts in accordance with the state's procedural requirements so that the state courts have a meaningful opportunity to correct any mistakes. *See Martin v. Evans*, 384 F.3d 848, 854 (7th Cir. 2004); *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001). If the petitioner misses the opportunity to properly present a claim to the state courts, then federal review of the claim is forfeited. *See Lieberman*, 505 F.3d at 669. In federal habeas terms, this forfeiture is known as a "procedural default." I will discuss this more on pages 10 & 11, below.

Of the five grounds for relief asserted by Estrada in his petition to this court, only claims (1) and (5) were adjudicated on their merits by the Wisconsin Court of Appeals and raised before the Wisconsin Supreme Court, which summarily denied review. To obtain habeas relief

on these claims, the petitioner must show that the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The standard outlined in § 2254(d)(1) is exacting and "highly deferential," *Burt v. Titlow*, — U.S. —, 134 S. Ct. 10, 15 (2013), demanding that state courts be given "the benefit of the doubt." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786 (2011). To prevail, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87. A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). This demanding standard authorizes relief only in cases "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 131 S. Ct. at 786. In addition to the "formidable barrier" posed by this standard, *Titlow*, 134 S. Ct. at 16, the petitioner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II. Due Process: The State's Alleged Failure to Disclose Its Deal with Suarez and Baez

In his first ground for relief, Estrada contends that his conviction should be set aside because the State failed to disclose a promise or deal to provide favorable treatment to Suarez and Baez in exchange for their testimony against Estrada. In *Brady v. Maryland*, 373 U.S. 83

5

(1963), and *Giglio v. United States*, 405 U.S. 150 (1972), the Supreme Court held that the accused in a criminal case has a due process right to have the prosecution disclose material exculpatory evidence, including evidence that impeaches the credibility of prosecution witnesses. *Giglio*, in particular, requires disclosure of inducements for a witness's testimony. *See* 405 U.S. at 154-55; *United States v. Morris*, 498 F.3d 634, 640 (7th Cir. 2007). It is the defendant's burden to establish that a *Brady* or *Giglio* violation has occurred. *United States v. Jumah*, 599 F.3d 799, 808-09 (7th Cir. 2010) (citing *United States v. Wilson*, 237 F.3d 827, 832 (7th Cir. 2001)).

As noted above, the State circuit court held an evidentiary hearing, after which it found that there was no deal in place at the time of Estrada's trial; therefore, concluded the court, there was no due process violation. The Wisconsin Court of Appeals agreed, concluding that there was no deal for the State to disclose. *See State v. Estrada-Jimenez*, 2010 WI App 1, ¶6, 322 Wis. 2d 735, 778 N.W.2d 171 (unpublished). That's pretty much the end of it: absent clear and convincing evidence to the contrary, the state court's finding that there was no favorable deal in place at the time of Estrada's trial is presumed correct for purposes of federal habeas corpus review. 28 U.S.C. § 2254(e)(1). Estrada does not attempt to provide any evidence that would show the existence of an actual deal between the State, Suarez and Baez at the time of his trial. Without such evidence, Estrada cannot establish a *Giglio* violation and he cannot establish that the state court's rejection of his *Giglio* claim was unreasonable. Accordingly, Estrada is not entitled to relief on this ground.

### III. Ineffective Assistance of Counsel

In his fifth ground for relief, Estrada contends that he was denied effective assistance of counsel on post-conviction review and on direct appeal when his appointed attorney, Ralph Sczygelski, elected to pursue only the above-referenced *Giglio* claim. Estrada claims, in particular, that Sczygelski failed to raise an ineffective-assistance claim concerning his trial lawyer's performance. In support of this claim, Estrada contends that his trial attorney should

have moved for dismissal at the close of the State's case-in-chief for lack of sufficient evidence. Estrada argues further Sczygelski should have argued that: (1) the conviction was based on out-of-court statements by Suarez and Baez; (2) Suarez and Baez were coerced into testifying; and (3) he was wrongfully restrained at trial. The state court concluded that Sczygelski did not render ineffective-assistance because Estrada had not established that these unraised claims actually had a basis and were not frivolous. *See State v. Estrada-Jimenez*, No. 2011AP2866, slip op. 2-3.

Claims for ineffective assistance of counsel are analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, a petitioner generally must demonstrate both constitutionally deficient performance his attorney and actual prejudice that resulted from this deficiency. *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). Specifically, to establish that counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). In other words, a defendant must show that counsel unreasonably failed to discover and raise non-frivolous issues. *Id.* If the defendant makes this showing, then he also must establish actual prejudice by demonstrating a "reasonable probability" that, but for his lawyer's deficient performance, "he would have prevailed on his appeal." *Id.*

Here, Estrada's ineffective-assistance claim against Sczygelski was rejected by the state court. As a result, the central question during habeas review is not whether *this* court believes the state court's determination under the *Strickland* standard was "incorrect," but rather, whether this determination actually was "unreasonable" — "a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (citing *Youngblood v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, this standard is "doubly deferential"

on habeas corpus review. *Id.*; *see also Richter*, 131 S. Ct. at 788 (emphasizing that the standards created by *Strickland* and § 2254(d) are "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted).

In this case, the circuit court held a hearing on Estrada's claim that he was denied effective assistance on post-conviction review and direct appeal. At that hearing, Sczygelski testified that he had carefully reviewed the entire trial transcript before determining that there was only one issue that needed to be taken up on appeal, namely, whether or not there was a deal made with two of the prosecution witnesses. (Dkt. # 7, Ex. 16, Hearing Tr. at 6.) Acknowledging the claims proposed by Estrada, Sczygelski observed that Estrada's trial attorney "did absolutely everything he could have to bring out those issues given the circumstances at the trial." (*Id.* at 8.) Overall, Sczygelski believed that Estrada's trial attorney "did an excellent job under the circumstances." (*Id*. at 8-9.) The circuit court agreed and rejected Estrada's claim that he was denied effective assistance of counsel on post-conviction review and direct appeal as the result of Sczygelski's decision to pursue only one issue, *i.e.*, the *Giglio* claim.

In reviewing the circuit court's determination that Sczygelski was not deficient, the Wisconsin Court of Appeals considered the record and found no merit to Estrada's proposed claims:

> Estrada makes various arguments as to what his trial counsel should have done differently, none of which are meritorious. He asserts that the State failed to provide sufficient evidence at his trial to convict him, and that his trial counsel should have moved for dismissal at the close of the State's case-in-chief. However, a review of the record reveals sufficient evidence to support Estrada's conviction. The State's chief witnesses, Suarez and Baez, each testified consistent with the State's theory of the case, which was that Estrada had participated in the homicide at issue, serving as one of the drivers when the crime took place. Viewing the evidence most favorably to the State and the conviction, there was sufficient evidence for a jury to find Estrada guilty, such that his trial counsel cannot be deemed ineffective for failing to make a meritless motion for dismissal. *See State v. Poellinger*, 153 Wis. 2d 493, 506-07, 451 N.W.2d 752 (1990); *State v. Wheat*, 2002 WI App 153, ¶ 23, 256 Wis. 2d 270, 647 N.W.2d 441.

> Estrada also argues that he was convicted on the basis of out-of-court inconsistent statements by witnesses Suarez and Baez, citing *Vogel v. State*, 96 Wis. 2d 372, 291 N.W.2d 838 (1980). In *Vogel*, our supreme court held that an unsworn, inconsistent prior statement of a witness was properly admissible because the witness, who was available for cross-examination, claimed to have no memory of the prior statement and the prior statement was inconsistent with the testimony of the witness at trial. *Id*. at 386. However, Estrada was not convicted based on inconsistent statements made out of court. Suarez and Baez both testified at Estrada's trial and implicated him in the murder in their testimony. Suarez and Baez both testified at trial that they lied to law enforcement because they had been instructed to do so by Estrada's boss, who had just orchestrated the murder of the victim and threatened any potential informants with the same fate. Estrada's trial counsel questioned Suarez and Baez regarding the inconsistencies in their prior statements to law enforcement and the testimony they gave at trial, and argued in his closing statement that their testimony was not reliable. After hearing Suarez and Baez testify the jury found them to be credible, and we will not disturb that credibility determination on appeal. *See State v. Turner*, 114 Wis. 2d 544, 550, 339 N.W.2d 134 (Ct. App. 1983).
>
> Estrada also argues that Suarez and Baez were coerced into testifying out of their own self-interest because of deals they were offered by the prosecution. This court already ruled on the issue of whether Suarez and Baez were given preferential treatment by the prosecution. In our decision [on Estrada's direct appeal], we rejected Estrada's argument that Suarez and Baez received any consideration from the prosecution in exchange for their testimony. Nothing in the materials presented now by Estrada persuades us to alter our decision on that issue.
>
> Finally, Estrada asserts that he was wrongfully restrained during his trial, in violation of his rights under *State v. Champlain*, 2008 WI App 5, ¶ 22, 307 Wis. 2d 232, 744 N.W.2d 889. The circuit court rejected this argument as untimely because it was not raised until Estrada filed a motion under Wis. Stat § 974.06 after he had already had a direct appeal. However, in any event, nothing in the record supports Estrada's assertion that he was restrained during his trial and, even if he were restrained as he now claims, nothing in the record demonstrates that the jury saw him restrained in any meaningful way because Estrada did not testify at trial. Thus, the concern in *Champlain*, 307 Wis. 2d 232, ¶¶ 6-7, where the defendant testified while wearing an armband security device, [is] not present in this case.

*State v. Estrada-Jimenez*, No. 2011AP2866, slip op. at 4-5 (unpublished).

9

Based on this record, the court of appeals concluded that Estrada had failed to demonstrate that his trial counsel's performance was deficient and, accordingly, Estrada also failed to show that his postconviction and appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel. *Id*., slip op. at 6.

In this federal habeas proceeding, Estrada essentially is presenting the same record and arguments to a different court, hoping for a more favorable outcome. That's not the way federal habeas relief works. Estrada has not demonstrated that any of his proposed claims have merit. In this regard, Estrada has not shown "that a particular nonfrivolous issue was clearly stronger than issues that counsel did present." *Robbins*, 528 U.S. at 288. In short, Estrada has not demonstrated that his postconviction and appellate attorney was deficient or that Estrada was actually prejudiced as a result of Sczygelski's performance. More importantly, Estrada has not shown that the state court's decision to reject this claim was objectively unreasonable or that he is otherwise entitled to relief under § 2254.

## IV. The Remaining Claims are Barred by the Doctrine of Procedural Default

Estrada's remaining claims, namely, grounds two, three and four, concern the sufficiency of the evidence, whether the State coerced Suarez and Baez to testify, and Estrada's claim that he was restrained during trial in violation of due process. The State correctly notes in its response that the Wisconsin Court of Appeals rejected all of these claims for procedural reasons because they were barred by the court's ruling in *Escalona-Naranjo*, 185 Wis. 2d at 185. *State v. Estrada-Jimenez*, No. 2011AP2866, slip op. at 6.

It is undisputed that Estrada did not attempt to raise Claims (2), (3) or (4) in his initial motion for post-conviction review or on direct appeal. Instead, Estrada first raised these claims in his *pro se* motion filed pursuant to Wis. Stat. § 974.06. *Escalona-Naranjo* holds that issues not raised in the first postconviction motion or appeal cannot be raised in a later postconviction motion unless the petitioner can demonstrate "sufficient reason" for this holding back. 185 Wis.

2d at 185. The holding in *Escalona-Naranjo* is recognized as an independent and adequate state procedural rule that is sufficient to bar federal habeas corpus review. *See Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Perry v. McCaughtry*, 308 F.3d 682, 692 (7th Cir. 2002); *Liegakos v. Cooke*, 106 F.3d 1381, 1385 (7th Cir. 1997). Accordingly, this federal court will not review Estrada's remaining claims unless he can establish an exception to the procedural bar.

A habeas petitioner may overcome a procedural default by demonstrating first, he had a cause for the default, and second, that this court's failure to consider the defaulted claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). As cause for his default in this case, Estrada contends that he was denied effective assistance of counsel on post-conviction review and direct appeal. Ineffective assistance of counsel may, in some circumstances, constitute cause for a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). "Not just any deficiency will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." *Id*. "In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Id*. (emphasis in original). But this court already has reviewed Estrada's claim of ineffective assistance of counsel earlier in this order and has found that this claim is meritless. Estrada cannot establish cause for his procedural default by pointing to a claim of ineffective assistance of claim that this court has rejected.

That's pretty much the end of it, but for completeness's sake, I note that the record discloses no actual prejudice to Estrada. Indeed, examining Estrada's proposed claims through the lens of his claim of ineffective-assistance, the Wisconsin Court of Appeals found that none of his arguments had merit. Because Estrada does not come forward with evidence showing that he is actually innocent, Estrada likewise has failed to show that has suffered a fundamental miscarriage of justice. Under this exception, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no

11

reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 319-322 (1995)). Absent a valid exception, the procedural bar applies and Estrada is not entitled to federal review of the proposed claims presented in grounds two, three and four of his petition. Because none of Estrada's claims merit federal habeas relief, I am denying his petition and dismissing this case.

## V. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, the court does not need such input here. For the reasons already stated, the court concludes that Estrada has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court. Nor is there any reason to doubt the conclusion that he procedurally defaulted three of

his five claims by failing to raise them on direct appeal. Because reasonable jurists would not otherwise debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

I. The federal habeas corpus petition filed by Luis A. Estrada-Jimenez is DENIED and this case is DISMISSED with prejudice.

II. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 24th day of November, 2015.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge